# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN R. HUTCHINSON, JR.,**

        **Plaintiff,**

**v.**                                     **Case No:   6:15-cv-704-Orl-22KRS**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNCONTESTED MOTION FOR ATTORNEY'S FEES (Doc. No. 24)** |
| **FILED:** | **September 6, 2016** |

      Plaintiff John R. Hutchinson, Jr., seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.   A final judgment reversing the decision below was entered on August 3, 2016.   Doc. No. 23.   Counsel for Plaintiff represents that the Commissioner does not object to the relief requested.   Doc. No. 24, at 3.   Thus, the motion is now ripe for consideration.

      Plaintiff through Richard A. Culbertson, Esq., his counsel of record, seeks an award of $4,112.07 in EAJA fees.   *Id.* at 2.   The fee request covers 1.2 hours of work in 2015 and 1.5 hours

of work in 2016 by Attorney Culbertson.  *Id.* at 2.  It also covers 18.8 hours of work in 2015 and 0.1 hours of work in 2016 by Sarah Fay, Esq.  *Id.*

The EAJA sets a ceiling of $125.00[1] on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI").  28 U.S.C. § 2412(d)(2)(A).  Attorney Culbertson requests a fee at the rate of $190.27 per hour for work performed in 2015 and $191.68 per hour for work performed in 2016 by attorneys.  Doc. No. 16, at 2.  He provides an analysis of the cost-of-living adjustment using the CPI.  *Id.* at 9-10.  Independent calculations show that the average adjusted hourly rates for 2015 and 2016 are $190.29[2] and $191.70,[3] respectively.  Accordingly, based on the cost-of-living adjustment, the requested rates for the work of attorneys do not exceed the EAJA cap of $125.00 per hour adjusted for inflation.

The EAJA states that the amount of attorney's fees and costs shall be based on prevailing market rates, "except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher

---

[1] Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996.  28 U.S.C. § 2412(d)(2)(A)(ii) (as amended by Pub. L. 104-121, § 232(b)(1)).

[2] This figure is calculated by taking the "Annual" CPI rate for 2015 and subtracting from it the March 1996 rate (237.017 − 155.7 = 81.317) and then dividing that number by the March 1996 rate (81.317 ÷ 155.7 = 0.5223).  These calculations result in the cost-of-living percentage increase from March 1996 through 2015.  The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5223 × 125) + 125 = 190.29).  *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited Sept. 14, 2016).

[3] This figure is calculated by taking the "HALF 1" CPI rate for 2016 and subtracting from it the March 1996 rate (238.782 − 155.7 = 83.082) and then dividing that number by the March 1996 rate (83.082 ÷ 155.7 = 0.5336).  These calculations result in the cost-of-living percentage increase from March 1996 through June 2016.  The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5336 × 125) + 125 = 191.70).  *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited Sept. 14, 2016).

fee." 28 U.S.C. § 2412(d)(2)(A).   At least one judge of this Court has expressed concern that the maximum rates authorized by applying a cost-of-living adjustment exceed the reasonable hourly rate for work of this type.   *See Coffman v. Astrue*, No. 8:07-cv-1416-T-TGW, 2008 WL 5137956 (M.D. Fla. Dec. 5, 2008).   Nevertheless, because the Commissioner does not object to the hourly rates sought and because $190.27 per hour for 2015 and $191.68 per hour for 2016 are within the range of rates permitted by the EAJA, I recommend that the Court find that the requested rates are reasonable for those years.

I also recommend that the Court find the total number of attorney hours worked are reasonable, in the absence of objection.

Finally, I note that Plaintiff filed a retainer agreement that includes an assignment of any fees awarded under the EAJA to his counsel.   Doc. No. 24-1.   Plaintiff represents that, if the Department of the Treasury determines that Plaintiff does not owe a federal debt, the Commissioner will honor the assignment and pay any fees directly to Attorney Culbertson.   Doc. No. 16, at 2–3. Attorney Culbertson requests that the Court order that any EAJA fees be paid directly to him.   *Id.* at 3.   Because the Commissioner has taken inconsistent positions regarding whether she will honor such an assignment, I recommend that the Court not require that the EAJA fees be paid directly to Plaintiff's counsel, but permit the Commissioner to do so in her discretion.

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's Uncontested Petition for Attorney's Fees (Doc. No. 24) be **GRANTED in part**, and that the Commissioner be **ORDERED** to pay Plaintiff John R. Hutchinson, Jr., attorneys' fees in the amount of $4,112.07.[4]

---

[4] The fees are calculated as follows: ($190.27 per hour x 1.2 hours worked by Attorney Culbertson in 2015 = $228.32) + ($191.68 per hour x 1.5 hours worked by Attorney Culbertson in 2016 = $287.52) + ($190.27 per hour x 18.8 hours worked by Attorney Fay in 2015 = $3,577.07) + ($191.68 per hour x 0.1 hours worked by Attorney Fay in 2016 = $19.16)= $4,112.07.   With respect to this calculation, Plaintiff's

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 15, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

motion contains a typographical error, in that it appears to request $287.84 for the 1.5 hours of work performed by Attorney Culbertson in 2016. However, the total attorney's fees requested appears to have been calculated using the correct figure—$287.52. Thus, I recommend awarding the $4,112.07 requested.